UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

CFE RACING PRODUCTS, INC.,
a Michigan corporation

Plaintiff,

v.                                                                  Case No.

BMF WHEELS, INC.,
a California corporation, and
BROCK WELD, jointly and severally,

Defendants.
_____/

COMPLAINT
(And Jury Demand)

NATURE AND BASIS OF ACTION

1. This is an action by CFE Racing Products, Inc., a Michigan corporation ("CFE") against BMF Wheels, Inc., a California corporation ("BMF WHEELS") and Brock Weld ("WELD"), an individual, jointly and severally, for trademark infringement, unfair competition, trademark dilution, cyber-piracy, and violation of the Michigan Consumer Protection Act. CFE seeks injunctive relief and damages for trademark infringement under Section 32 of the Trademark Act of 1946, as amended, 15 U.S.C. §1114 ("the Lanham Act"), for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c) and federal common law, for dilution under Section 43(c) of the Lanham Act, for unfair competition under state common law, and for violation of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

1

THE PARTIES

2. CFE is a Michigan corporation with a principal place of business in Eastpointe, Michigan.

3. BMF WHEELS is, upon information and belief, a California corporation with a principal place of business at 1401 N. Batavia Street, Suite 107, Orange, California 92867.

4. WELD is, upon information and belief, a California resident residing at 633 Ambrose Lane, Tustin, California 92780. Upon information and belief, WELD serves as the President of BMF WHEELS and is a director and shareholder.

JURISDICTION AND VENUE

5. This court has subject matter jurisdiction pursuant to 15 U.S.C. §1121, and 28 U.S.C. §1331, as this case arises under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c). Personal jurisdiction in this district is proper inasmuch as Defendants, upon information and belief, have solicited and conducted business within the State of Michigan via its online order system, thereby purposely availing itself of the privilege of acting in the State of Michigan.

6. Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

FACTUAL ALLEGATIONS

8. Plaintiff CFE was founded over 25 years ago by its founder, Carl Foltz ("Foltz"). CFE specializes in the machining of high performance cylinder heads and intake manifolds for various customers, including those in the professional racing industry as well as sportsman racers and other drivers through its "BMF" division.

9. Foltz, who has been porting cylinder heads since he was 15 years old, along with his company, CFE Racing Products, Inc., has a long and stellar reputation in the vehicle racing industry, and among sportsman racers and other drivers.

10. Foltz ported cylinder heads and tested and retested his design on a flow bench which led to increasing the engine of his first customer by 60 more horsepower. Thereafter, famous names in racing started calling Foltz and he spent thousands of hours focusing on the power available to all racing engines through advances in cylinder head design for the famous names of racing like John Lingenfelter, Richard Maskin, Joe Gibbs Racing and even General Motors.

11. Before long, CFE was relied upon by top teams from across the broad spectrum of American motorsports. CFE's cylinder heads and manifolds have been under hoods of cars at the pinnacle of drag racing, stock car racing, and Indy car racing – sometimes all at the same time.

12. On the quarter-mile track, CFE's products were an integral part of the 1996, 1997, 2000, 2002, 2007, 2008 and 2009 Pro Stock world championships, for the likes of Jim Yates (two), Jeg Coughlin (four), and one for Mike Edwards.

13. In 2000, CFE-equipped cars won the Pro Stock championships (Coughlin), the Winston Cup (Bobby LaBonte), the Indy 500 (Juan Pablo Montoya), and the Indy Racing League series title (Buddy Lazier) in the same season, unprecedented in the history of racing.

14. CFE drivers did it again in 2002, with Coughlin winning another U.S. National and another Pro Stock championship, world-famous Tony Stewart winning the Winston Cup, Helio Castroneves a second straight Indy 500, and Sam Hornish a second consecutive IRL championship.

15. Competitive drivers running CFE components hold 34 national records right now.

16. In America's biggest racing series, the NASCAR Nextel Cup competition, CFE has never gone more than a few years without winning a Cup Championship. LaBonte won the 2000 title, and Stewart won it all in 2002 and 2005 for Joe Gibbs Racing.

17. In the Indy Racing League, four-valve V-8 GM engines with CFE cylinder heads account for countless race wins, scores of pole positions, seven consecutive championships, and the 1997, 1998, 1999, 2000, 2001 and 2002 Indianapolis 500's with drivers Arie Luyendyk, Eddie Cheever, Kenny Brack, Montoya and Castroneves (twice) respectively.

18. In 2004, using CFE's world re-known reputation in the racing industry, CFE started a new line of products to cater to non-professional racers and vehicle owners called "BMF". BMF is the Sportsman Racing Heads Division of CFE. The "BMF" series utilizes CNC-technology but allows racers and other drivers to retain a stock platform.

19. CFE first started using the "BMF" marks in commerce on or about October 31, 2004 in its cylinder head line of products and on or about September 30, 2006 in it clothing (e.g., caps, t-shirts, etc.) line of products.

20. CFE first started using its "BMF" logo mark with its distinctive black, white and red colors on or about February 1, 2005 (see **EXHIBIT A** for CFE's "BMF" logo mark with distinctive black, white and red colors).

21. On March 26, 2006, CFE filed applications with the United States Patent and Trademark Office ("USPTO") to register the trademark "BMF" in two classes, namely International Class 007, cylinder heads, and 025, clothing.

22. CFE was granted registration for "BMF" in International Class 007 on January 23, 2007 (Registration Number 3,202,013). (See **EXHIBIT B**).

23. CFE was granted registration for "BMF" in International Class 025 on November 20, 2007 (Registration Number 3,341,786). (See **EXHIBIT C**).

24. According to its website, BMF Wheels, Inc. was formed in 2007.

25. Upon information and belief, on or about July 5, 2006, Defendant Weld filed an application with the USPTO to register the trademark "BMF Wheels" in International Class 012, claiming its first use of the mark anywhere was on May 5, 2007, and its first use in commerce was October 1, 2007.

26. Upon information and belief, on or about March 18, 2008, Weld was granted registration for "BMF Wheels" in International Class 012.

27. Upon information and belief, on or about July 24, 2009, Weld filed an application with the USPTO to register the trademark "BMF" with colors (black, white and red) in International Class 012, via an "Intent to Use" application basis.

28. On May 3, 2011, Weld's registration for BMF in colors was published for opposition and the application is currently pending.

29. Upon information and belief, on or about December 3, 2010, Weld file an application with the USPTO to register the trademark "BMF Offroad" in International Classes 007 and 012, via an "Intent to Use" application basis.

30. On or about March 16, 2011 the examining attorney for the USPTO issued an Office Action Letter in which they were refusing the registration per Section 2(d) Refusal – Likelihood of Confusion, due to CFE's registration of "BMF" with Registration Number 3,202,013.

31. In June 2011, CFE was alerted to the fact that of the existence of BMF WHEELS when a CFE customer called and assumed that BMF WHEELS was related to CFE's BMF products.

32. Per review of BMF WHEELS website (www.bmfwheels.com), and on-line catalogue, it is clear that Defendants design of its "BMF" mark is identical to CFE's "BMF" mark, using the same identical colors (black, white and red) and design. (See **EXHIBIT D**).

33. Upon information and belief, BMF WHEELS sells vehicle wheels, parts and other accessories, including clothing items, to the same customer base (i.e., Sportsman Racers and other drivers) as CFE's BMF products.

34. Alerted to the BMF WHEELS existence and its website, CFE acted promptly to protect its trademark rights. CFE immediately filed its own trademark applications for "BMF" with colors and commenced preparation for the filing of complaint for trademark infringement.

## COUNT I
### (FEDERAL TRADEMARK INFRINGEMENT UNDER §32 OF THE LANHAM ACT)

35. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.
36. BMF WHEELS and WELD have, without Plaintiff's consent, used in commerce a colorable imitation of the BMF mark in connection with the sale, offering for sale, distribution, and/or advertising of goods or services likely to cause confusion, or to cause a mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. §1114(1)(a).
37. CFE's federal registrations on the Principal Register for the mark "BMF" is conclusive evidence of CFE's exclusive right to use this mark, pursuant to the Lanham Act, 15 U.S.C. § 1115.
38. The infringing acts committed by BMF WHEELS and WELD were committed with knowledge that such imitation was intended to be used to cause confusion, or to cause mistake or to deceive, and have caused, and unless enjoined, will continue to cause damage to Plaintiff.
39. As a proximate result of Defendants' actions, CFE has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate CFE for its injuries and CFE lacks an adequate remedy at law.
40. Upon information and belief, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.
41. CFE is entitled to a permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

## COUNT II
## (FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER §43(a) OF THE LANHAM ACT)

42. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

43. The BMF marks, as more fully described above, are well established marks that serve to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with the BMF marks of CFE, which has an exceptional reputation in the industry, for professional and sportsman racers, and other drivers.

44. As evidenced by the federal registrations and their long, continued and exclusive use, CFE's BMF marks have acquired distinctiveness and secondary meaning in connection within sportsman racers and other drivers.

45. Upon information and believe, prior to the use of BMF WHEELS and related logo's, Defendants had actual and constructive knowledge of the use and ownership by CFE of the BMF marks and were aware of the advertising and promotional activities sponsored by Plaintiff.

46. Defendants, in connection with automotive related sales, have used and continue to use, and has expressed an intent to expand, their use of the BMF family of marks in a manner which is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of such Defendants with CFE, and to the origin, sponsorship, or approval of Defendants' goods, services, and/or commercial activities of CFE.

47. The Defendants' use of the BMF family of marks constitutes false designations of origin, false descriptions and false representations in interstate commerce in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

48. As a proximate result of Defendants' actions, CFE has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its trademarks. The injury is and continues to be ongoing and irreparable.

49. An award of monetary damages alone cannot fully compensate CFE for its injuries and CFE lacks an adequate remedy at law.

## COUNT III

### (DILUTION UNDER §43(c) OF THE LANHAM ACT)

50. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations for the foregoing paragraphs.

51. The BMF marks are "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c) (the "Anti-Dilution Act").

52. CFE is the owner of the BMF marks.

53. CFE has no control over the quality of the Defendant's web site, advertising, other promotional materials, or products.

54. After CFE's "BMF" marks became famous, the Defendants commenced use of a mark in commerce that is likely to cause dilution by impairing the distinctiveness of such famous marks, lessening the capacity of such marks to identify and distinguish the specialized vehicle products and services offered by CFE and its BMF division, and by creating an association arising from the similarity between Defendants' marks and the CFE family of marks that harms the reputation of such famous marks.

55. Defendants' unauthorized use of CFE's famous "BMF" trademarks will tend to and does dilute the distinctive quality of said marks and will diminish and destroy the public association of said marks with CFE in violation of 15 U.S.C. § 1125(c).

56. Upon information and belief, Defendants willfully intended to trade on the recognition of the CFE marks and cause dilution of such famous marks.

57. By reason of the acts of Defendants alleged herein, CFE has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendants are restrained from continuing its wrongful acts, the damage will be increased.

58. CFE has no adequate remedy at law.

## COUNT IV

### (DILUTION UNDER §43(d) OF THE LANHAM ACT)

59. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

60. The BMF marks are "famous" within the meaning of Section 43(c)(1) of the Lanham Act, 15 U.S.C. §1125(d).

61. CFE is the owner of the BMF marks.

62. CFE has used and is using the BMF marks for commercial purposes, including without limitation the Internet domain name "thebmfstore.com".
63. On information and belief, the defendant BMF WHEELS is the authorized licensee of the domain name "bmfwheels.com".
64. The domain name "bmfwheels.com" was confusingly similar to the BMF marks at the time of registration.
65. The BMF mark was famous at the time the domain name "bmfwheels.com" was registered.
66. Through their agent, the Defendants registered and have subsequently used the domain name "bmfhweels.com" with a bad faith intent to profit from the confusingly similar famous marks owned by CFE, without reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful, and with the intent to tarnish the BMF marks by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the site.

## COUNT V
### (STATE UNFAIR UNCOMPETITION – MICHIGAN COMMON LAW)

67. Plaintiff incorporates and reallege, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.
68. By their acts alleged herein, Defendants have engaged in trademark infringement, unfair competition and dilution under the common law of the State of Michigan.
69. Defendant's use of the mark "BMF", including using the colors black, white and red is identical to CFE's mark of "BMF" with the same colors and for which it has been using the same colorized mark long before Defendants.
70. Defendants have intentionally deceived the public by misrepresenting that Defendant's products being offered for sale are products are those of CFE's, thereby appropriating to Defendants the reputation CFE has acquired for its own products.
71. Upon information and belief the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.
72. By reason of the acts of Defendants alleged herein, CFE has suffered, is suffering and will continue to suffer irreparable damage and, unless, said Defendants are restrained from continuing its wrongful acts, the damage will be increased.
73. CFE has no adequate remedy at law.

8

## COUNT VI
### (COMMON LAW INJUNCTION)

74. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

75. BMF WHEELS is clearly infringing on CFE's use of the "BMF" mark.

76. Plaintiff has suffered substantial damages as a proximate result of Defendant's illegal use of the BMF mark.

77. Plaintiff has been irreparably harmed by Defendant's infringement and has no adequate remedy at law.

## COUNT VII
### (VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT ("MCPA")

78. Plaintiff incorporates and realleges, as if fully set forth in this paragraph, the allegations of the foregoing paragraphs.

79. Defendants sale of its products constitutes "trade or commerce" within the meaning of 445.902(1)(g) of the Michigan Consumer Protection Act ("MCPA"), MCL §445.901, et seq.

80. Defendants actions as set forth above have and are causing confusion or misunderstanding as to the source, sponsorship, approval and/or certification of goods or services within the meaning of the MCPA, MCL §445.903(1)(a).

81. Plaintiff has suffered substantial damages as a proximate result of Defendant's actions.

82. Plaintiff has been irreparably harmed by Defendant's actions and has no adequate remedy at law.

PRAYERS FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Enter judgment that Defendants have, without the consent of CFE, used in commerce a colorable imitation of CFE's BMF marks in connection with the sale, offering for sale, distribution, and advertising of vehicle parts in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114(1)(a).

B. Enter judgment that Defendants have used false designations of origin, false descriptions, and false representations, in bad faith and in willful violation of 15 U.S.C. §1125(a); have injured CFE's business reputation and diluted the distinctive quality of its federally registered and famous marks; have otherwise injured Plaintiff by promoting, advertising, and selling their vehicle parts using a colorable imitation of CFE's BMF marks in willful violation of 15 U.S.C. §1125(c)(1); and with bad faith intent to profit from CFE's BMF marks, has registered, trafficked in, and used, a domain name identical, dilutive or confusingly similar to CFE's BMF marks in violation of 15 U.S.C. §1125(d).

C. Award actual or statutory damages for Defendants' violation of 15 U.S.C. §1125(d)(1) in an amount of not less than $1,000.00 and not more than $100,000 per domain name, as the court considers just.

D. Enter an order pursuant to 15 U.S.C. §1125(d)(IX)(ii)(c) that Defendants forfeit, cancel or transfer the domain name "bmfwheels.com" to CFE.

E. Issue a preliminary injunction and thereafter a permanent injunction under 15 U.S.C. §1116(a) ordering Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or mark "BMF" or any colorable imitation of CFE's BMF marks, including without limitation the use of the mark "BMF Wheels" and the use of "BMF" colorized with the red, black and white, and to file with the court and serve on the Plaintiff within thirty (30) days of service on Defendants of such injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

F. Award damages to the Plaintiff as provided under 15 U.S.C. §1117(a), including the Defendants' profits, three times the actual damages sustained by Plaintiff, and reasonable attorney fees to the Plaintiff as prevailing party, and/or if the court shall find that the amount of recovery based on profits is either inadequate or excessive, to award in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of this case, and the costs of this action.

G. Issue an order under 15 U.S.C. §1118 ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants bearing the registered marks or colorable imitation of such marks, shall be delivered and destroyed.

H. Enter judgment that Defendants' use of CFE's BMF marks violates the Michigan Consumer Protection Act, and award all damages, including costs and reasonable attorney fees, as authorized by that Act.

I. Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b) and 5(d), Plaintiff demands a jury trial of all issues triable by jury.

Dated this August 26, 2011.

s/Joseph L. Langlois
Jameson & Langlois, P.C.
Attorney for the Plaintiff
11843 E. Thirteen Mile Road
Warren, MI 48093
(586) 795-0787
e-mail: langlois@jlpclaw.com
P43050

11