UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CFE RACING PRODUCTS, INC.,

       Plaintiff and counter-defendant,       Case Number 11-13744
                                                             Honorable David M. Lawson

v.

BMF WHEELS, INC. and BROCK WELD,

       Defendants and counter-plaintiff.
_____/

## ORDER GRANTING MOTION TO FILE BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND EXHIBITS B, L, AND O UNDER SEAL

The matter is before the Court on the defendants' motion to file their brief in support of their motion for summary judgment, along with Exhibits B, L, and O to that brief under seal. The defendants assert that these documents contain highly confidential business information.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnotes omitted); *Brown & Williamson*, 710 F.2d at 1180 (ordering Federal Trade Commission documents unsealed because "[t]he public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir.1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court

records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records, which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v.. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476. Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S.

Proceeding:

at 598.  "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.  But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm.  *Id.* at 745.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Sealing documents occurs generally only when authorized by statute, or when a credible showing has been made that trade secrets might be revealed, or some other serious, tangible harm has been alleged.

The Court finds that the defendants have made a credible showing of serious and tangible harm sufficient to justify the filing of their brief in support of their motion for summary judgment and Exhibits B, L, and O under seal.

Accordingly, it is **ORDERED** that the defendants' motion to file brief in support of their motion for summary judgment and Exhibits B, L, and O to that brief to be filed under seal [dtk. #28] is **GRANTED**.

It is further **ORDERED** that the defendants may file **UNDER SEAL** their brief in support of their motion for summary judgment and Exhibits B, L, and O to that brief.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: August 2, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 2, 2012.

                                    s/Deborah R. Tofil
                                    DEBORAH R. TOFIL