UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CFE RACING PRODUCTS, INC.,

                    Plaintiff,                                Case Number 11-13744

v.                                                 Honorable David M. Lawson

BMF WHEELS, INC. and BROCK
WELD,

                    Defendants.

_____/

## ORDER DENYING MOTIONS *IN LIMINE*

       This matter is before the Court on the nine motions *in limine* filed by the parties. Each motion includes a formulaic recitation stating that "concurrence was sought" from counsel for the opposing party. However, the Court finds after reviewing the papers that the parties evidently made no serious effort to comply with the mandate of Eastern District of Michigan Local Rule 7.1(a), which requires that, prior to filing any motion in this Court, "[t]he movant must ascertain whether the contemplated motion . . . will be opposed." The Court therefore will deny the motions, because the parties have filed them in violation of the applicable court rules.

       In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must certify that "despite reasonable effort *specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B) (emphasis added).

The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Nov. 2010), *available at* http://www.oed.com:80/Entry/38740 (last visited February 3, 2011). The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.

The Court emphasized the requirements of this rule in the case management and scheduling order entered in this matter on January 9, 2013:

> The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion. The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. All of this must be documented specifically in the motion papers.

[dkt. #40] at 3 (emphasis in original). The Court is well aware that sometimes opposing counsel has other schedule demands that prevent an expeditious conference, and that on rare occasions an opponent's intransigence will prevent meaningful discussion. To prevent the meet-and-confer requirement from becoming an insurmountable obstacle to obtaining relief by motion, the local rule allows the movant to explain the efforts made at conferring with the opponent, but those efforts must be "reasonable," and the explanation must be complete. This safety valve provision is not meant to be a substitute for the meet-and-confer obligation or a convenient way to avoid it.

The Court requires meaningful, good faith compliance with the rule. As the definition suggests and as the Court's case management and scheduling order states, a conference normally involves actual contact with opposing counsel. If an actual conversation simply cannot be conducted, the movant must describe with specificity that reasonable efforts were made to conduct

-2-

the conference.  In this case, none of the motions describe any such reasonable efforts, and none

state that any actual conference or conversation occurred.  For example, the plaintiff's motion *in

limine* to exclude evidence of "comparative sales" states only that "on March 29, 2013, counsel for

Defendants sought concurrence in this Motion from Plaintiff's counsel, which was denied." [dkt.

#46] at 1.   Likewise, the defendant's motion in limine to exclude "incomplete and non-relevant

exhibits," states that "[c]oncurrence was sought from counsel for plaintiff, Steven Susser, on April

1, 2013 and was not received." [dkt. #49] at 3.

The parties' various responses and replies to the motions indicate not only that they made

no actual efforts to meet and confer, but also that if they had made such efforts, they could have

avoided the need to file some or all of the motions.  In its motion to exclude evidence of the

defendant's trademark registration, the plaintiff "seeks an order that precludes Defendants from

relying on the [BMF Wheels federal trademark registration] as conclusive proof of ownership" of

the mark, or in the alternative, "a cautionary instruction indicating that [the] federal registration may

only be considered to be prima facie evidence of ownership and right to use the disputed mark."  In

their response to this motion, the defendants contend that "this motion should not have been filed

and a proper Local Rule 7.1 conference was not undertaken."  Def.'s Resp. [dkt. #58] at 2.  The

defendants assert that they received only a vague email from plaintiff's counsel stating that he

intended to file a motion "to bar use of Weld's trademark registration (DX 101) as evidence that

[defendants] had [the] right to use the mark (FRE 401/402 or FRE 403)."  Def.'s Resp. [dkt. #58],

Ex. A, Email dated Mar. 29, 2013.  The defendants contend that they only intend to introduce the

registration for the purpose expressly endorsed under the Lanham Act, 17 U.S.C. § 1057(b), which

is to show "prima facie evidence . . . of the registrant's exclusive right to use the registered mark in

commerce." According to the defendants, defense counsel replied to plaintiff's counsel's email with a telephone call, explaining the intended use of the evidence and citing the relevant statute allowing it. Despite the fact that "Plaintiff's counsel indicated they would consider this section of the statute," the defendant asserts that, "No further communication regarding this motion was made by plaintiff." [dkt. #58] at 2. Despite making no effort to pursue concurrence from defense counsel, which was plainly available, the plaintiff went ahead and filed its motion. In its reply brief, however, the plaintiff belatedly acknowledged the defendants' intent to employ the evidence only for the purpose allowed by the statute and "requests that this court withhold ruling on the current motion."

In their response to the plaintiff's motion regarding trademark registration, the defendants sought not only dismissal of the motion as moot, but also a sanction of costs and attorney fees [dkt. #58] at 3. However, it is evident that defense counsel made no more effort than the plaintiff's attorney to meet and confer on the subjects of the defendants' motions. For example, the defendants filed a motion to exclude the plaintiff's proposed exhibits PX 16, 17, and 18, which depict the parties' respective logos side-by-side. The defendants argued that side-by-side comparisons are improper in the course of an inquiry into the likelihood of confusion between two marks, and they sought to allow only exhibits that show each logo alone. In its response to this motion, the plaintiff asserted that it "agrees to withdraw PX 16, 17, an 18, and submit a representation of each logo as a separate exhibit . . . rendering Defendants' motion moot." [dkt. #61] at 1.

The Court finds based on the representations in the parties' filings that the parties made no reasonable efforts to meet and confer, discuss the evidence, or reduce the subjects of their evidentiary disputes to stipulations or other agreed relief prior to filing their motions. "It is not up

-4-

to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996). The parties have filed their motions in violation of the applicable rules. Therefore, the Court will deny the motions. The Court also will not entertain any further motions *in limine* until counsel for the parties have met in a face-to-face conference, thoroughly discussed the evidence and any objections each side may have, and so far as reasonably possible reached actual concurrence on any evidentiary disputes that remain between them.

Accordingly, it is **ORDERED** that the parties motions *in limine* [dkt. #46, 47, 48, 49, 50, 51, 52, 53, 54] are **DENIED** without prejudice.

It is further **ORDERED** that the parties may not file any further motions *in limine* in this matter until counsel for the parties have met in a face-to-face conference, thoroughly discussed the evidence and any objections each side may have, and so far as reasonably possible reached actual concurrence on any evidentiary disputes that remain between them. Any motion *in limine* filed by either party must state the time and place of the face-to-face meeting as well as the subjects of discussion, and it must explain in detail the reasons that the parties were not able to reach concurrence on the relief requested.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  April 30, 2013

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 30, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL