# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CFE RACING PRODUCTS, INC.,**
a Michigan corporation,

      Plaintiff,

v.                                                                Case No. 2:11-cv-13744-DML-MAR

**BMF WHEELS, INC.**, a California               Hon. David M. Lawson
corporation, and **BROCK WELD**,             Magistrate Judge Mark A. Randon
jointly and severally.

      Defendants.

---

## PLAINTIFF'S SUPPLEMENTAL BRIEF
## REGARDING POST-TRIAL RELIEF

# **TABLE OF CONTENTS**

ISSUE PRESENTED ......................................................................................................................... ii

CONTROLLING AUTHORITY ....................................................................................................... iii

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF PERTINENT FACTS ............................................................................. 1

III. ARGUMENT ......................................................................................................................... 4

    A. CFE Racing is Entitled to a Permanent Injunction ................................................... 4

    B. Defendants Should be Ordered to Take Affirmative Steps to Avoid Confusion .... 6

        1. Delivery and Destruction of Infringing Materials ...................................... 6

        2. Recalling Infringing Materials from Market ............................................... 7

        3. Cessation of Use of Domain Names Containing the Infringing Marks ...... 8

    C. Defendants' Trademark Registration Should be Cancelled. ................................... 9

    D. CFE Racing is Entitled to Recover Attorneys' Fees under the MCPA. ................. 9

IV. RELIEF REQUESTED ....................................................................................................... 10

**ISSUE PRESENTED**

Whether the Court should grant Plaintiff CFE Racing Heads ("CFE Racing) a permanent injunction, cancel Defendant Brock Weld's trademark registration, and award CFE Racing attorneys fees following a jury verdict that Defendants BMF Wheels and Brock Weld infringed on CFE Racing's trademarks.

iii

# **CONTROLLING AUTHORITY**

15 USC §§1116, 1118, 1119

MCL §445.911(2)

Plaintiff CFE Racing, Inc. ("CFE Racing") submits this supplemental brief in support of its request for post-trial relief, pursuant to this Court's Order dated June 11, 2013 (Dkt. # 103).

## I. INTRODUCTION

Following a jury trial, Defendants were found to have utilized a variety of marks in connection with the sale of their product so as to create a likelihood of confusion with CFE Racing's registered and unregistered trademarks. CFE Racing now requests that the Court enter an injunction preventing Defendants from continued infringement and requiring that Defendants destroy, deliver, and recall products and infringing materials. This relief is especially appropriate given Defendants' continued infringement in the face of the jury verdict. In addition, CFE Racing requests that this Court order the cancellation of Defendant Brock Weld's registered trademark for "BMF Wheels." Finally, CFE Racing is entitled to recover $250.00 and reasonable attorneys fees under the Michigan Consumer Protection Act. CFE Racing request that the Court enter the proposed order attached hereto as Exhibit 1.

## II. STATEMENT OF PERTINENT FACTS

CFE Racing received a registration from the U.S. Patent and Trademark Office ("PTO") for the mark consisting of the characters "BMF" for cylinder heads (Reg. No. 3,202,013) and clothing (Reg. No. 3,341,786) (collectively, CFE Racing's "Registered Marks"). CFE Racing also utilized versions of a logo with the name "BMF" rendered in a stylized text (CFE Racing's "Unregistered Marks"), beginning in 2003.

In 2006, Defendants began using the characters "BMF" and the first in a series of logos with the name "BMF" rendered in a stylized text in connection with the sale of its products. [See Trial Exhibit DX 101.] Defendant Brock Weld obtained a registration from the PTO for the mark

1

including the characters "BMF" for land vehicle parts, namely wheels (Reg. No. 3,202,013). The logos used by Defendants have included the following:



Defendants' registered mark and logos are referred to herein as the "Infringing Marks." Defendants utilized the Infringing Marks in connection with the sale of automotive aftermarket parts and related products.

Defendants have been aware of the confusing similarities between their marks and CFE Racing's marks since 2008. Indeed, Defendant Brock Weld testified that several of his associates felt the marks were so confusingly similar that they believed that CFE Racing was the infringing party; these associates were unaware of CFE Racing's prior use of the mark. In addition, the PTO rejected Defendant's application for "BMF OFFROAD" over CFE Racing's registered mark on March 16, 2011 due to a likelihood of confusion. [Exhibit 2] Instead of changing course, the Defendants chose to make minor changes to its logos; these "revised" logos were found by the jury to be confusingly similar to CFE Racing's logos. [Verdict Form, Dkt. # 100, ¶ 3] Despite knowledge of a potential finding of infringement, Defendants made no effort to cease using the BMF logo, instead charting a course for the predicament they find themselves in now.

Upon learning of Defendants' improper use of CFE Racing's "BMF" marks, CFE Racing filed the instant action in August 2011. Four of the claims asserted were tried to a jury: trademark infringement and unfair competition under the Lanham Act (Counts I and II), violations of the Michigan Consumer Protection Act (the "MCPA") (Count VII), and unfair

2

competition under Michigan common law (Count V). CFE Racing also asserted its Registered Marks as a basis for cancellation of Defendant Weld's alleged "BMF Wheels" mark (U.S. Trademark Registration Number 3400041) and requested various forms of injunctive relief as well as attorneys fees. Defendants stipulated that if the jury found infringement under the Lanham Act, liability under the common law and the MCPA would also be found.

The case was tried before a jury beginning on June 4, 2013. Defendants stipulated that CFE Racing's Registered Marks were valid trademarks owned by CFE Racing; the jury found that CFE Racing's Unregistered Trademark was a valid trademark owned by CFE Racing. [Verdict Form, Dkt. # 100, ¶ 2.] In addition, the jury found that Defendants' use of its marks in connection with the sale of its products creates a likelihood of confusion with CFE Racing's Registered Marks and Unregistered Marks[1]. [Dkt. # 100, Verdict Form, ¶¶ 1, 3.] The jury specifically found that Defendants' use of the following logos creates a likelihood of confusion:



[Verdict Form, Dkt. # 100, ¶¶ 1 and 3.]

Even in the face of the jury's verdict, Defendants continue to infringe. They continue to maintain websites prominently using the Infringing Marks, including www.bmfwheels.com.

---

[1] During trial, the parties stipulated that any finding on the registration for cylinder heads would apply equally to the registration for clothing.

3

Defendant BMF Wheels continues to use its social media websites to market its product, and has repeatedly updated these sites since the trial. [Exhibit 3]

Not only have Defendants continued to market, but they have apparently continued to roll out new products bearing the Infringing Marks and continue to sell infringing products. On June 11, 2013, BMF Wheels reported that that a distributor, Meyer Distributing, "just received" a large stock of wheels and would also be "taking delivery" of additional products. [Ex. 3, p. 3]. Another distributor, Rimz One, reports that it received a shipment of wheels bearing the Infringing Marks on June 19, 2013. [Exhibit 4] Pacific Wheel Distributors report receiving a "new" BMF model wheel, the "F.I.T.E." wheel; Defendants have also been touting this product. [Exhibit 5, Ex. 3] Without an injunction, it is clear that Defendants will continue to utilize the Infringing Marks and there is a continued likelihood of confusion and CFE Racing will continue to be harmed by Defendants' now willful conduct.

### III. ARGUMENT

**A.  CFE Racing is Entitled to a Permanent Injunction**

In addition to the Court's inherent equitable powers, the Lanham Act provides that a district court may grant injunctive relief to prevent infringement of a party's registered mark. 15 U.S.C. § 1116. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). A court is to consider the following four factors in determining whether a party is entitled to permanent injunctive relief:

(1) whether the movant has shown that it would suffer irreparable harm if the permanent injunction is not issued;

(2) whether remedies available at law, such as monetary damages, are insufficient to adequately compensate the movant;

4

> (3) whether the balance of hardship between the parties weighs in favor of the movant; and
>
> (4) whether the public interest would be served by the injunction.

*Id.* All four factors weigh in favor of CFE Racing.

First, the jury found that Defendants' use of the Infringing Marks is likely to cause confusion. [Dkt. #100, Verdict Form ¶¶ 1, 3.] A finding of irreparable injury follows from a jury finding of likelihood of confusion. *Wynn Oil Co. v. American Way Serv. Corp.*, 943 F.2d 595, 608 (6th Cir. 1991). Since Defendants' use of the Infringing Marks is likely to cause confusion, the first factor weighs in favor of issuance of a permanent injunction.

As to the second factor, Defendants' continued use of CFE Racing's mark cannot be adequately addressed by monetary damages. Indeed, injunctive relief is "the remedy of choice for trademark and unfair competition cases", because there is no adequate remedy at law for injuries caused by continuing infringement. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). The potential for future harm from further infringement is an appropriate basis to find both irreparable harm and that remedies at law are inadequate to compensate the moving party. *Audi AG v. D'amato*, 469 F.3d 534, 550 (6th Cir. 2006). Thus, there is no adequate remedy at law for the injuries that continue to be visited up on CFE Racing by Defendants' deliberate infringement.

The third factor also weighs in favor of CFE Racing. The balance of hardship caused to either party weighs in favor of CFE Racing because any hardship experienced by Defendants is merely the result of complying with applicable federal laws. Furthermore, the jury returned its verdict finding infringement on June 6, 2013. As of the date that this opinion and order is entered, Defendants will have had over a month from the jury verdict to begin identifying a new mark and cease the use of Defendants' infringing marks. In addition, Defendants have had

5

knowledge of the confusing nature of their marks since at least 2008. Continued use of the confusing similar mark only compounds the consumer confusion in the marketplace and causes hardship to Plaintiff through loss of reputation and sales. *Id.*

With respect to the final factor, the public interest is served when the Court enforces valid intellectual property rights and prevents an infringing party from continuing to confuse and deceive the public. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 883 (S.D. Ohio 2007). The jury determined that CFE Racing has a valid and enforceable trademark and that Defendants are infringing CFE Racing's intellectual property rights. Thus, the public interest is served by ceasing the infringement of CFE Racing's marks. Thus, this factor weighs in favor of CFE Racing.

**B.      Defendants Should be Ordered to Take Affirmative Steps to Avoid Confusion**

A court may require that an infringing defendant take affirmative steps to indicate the real source of products to the public. *B. H. Bunn Co. v. AAA Replacement Parts Co*., 451 F.2d 1254, 1269 (5th Cir. Fla. 1971). CFE Racing requests that this Court order Defendants to take the following affirmative steps: delivery and destruction of all infringing products in their possession, recalling all infringing products from distributors, and cessation of use of Defendants' websites utilizing an infringing mark to CFE Racing's website.

            *1.      Delivery and Destruction of Infringing Materials.*

The Lanham Act expressly authorizes courts to order the delivery and destruction of infringing goods in the defendant's possession. 15 U.S.C. §1118.  An order for delivery and destruction is appropriate to avoid future illegal conduct. *Pronational Ins. Co. v. Bagetta,* 347 F. Supp. 2d 469, 473 (E.D. Mich. 2004). Destruction of infringing materials is a common term and form of relief in trademark infringement actions. See, e.g., *Id.*; *Ford Motor Co. v. Mustangs*

6

*Unlimited, Inc.*, 510 F. Supp. 2d 438, 440 ( E.D. Mich. 2007); *RSO Records, Inc. v. Peri*, 596 F. Supp. 849, 863 (S.D.N.Y. 1984). Here, an order is especially appropriate since, despite the jury verdict, Defendants continue to market and sell products utilizing the infringing mark. [Ex. 3-5]

### 2. *Recalling Infringing Materials from Market.*

Defendants should be required to recall all products and packaging from distributors bearing an infringing mark.

A clause providing that a defendant withdraw materials bearing an infringing mark is not unduly burdensome if it is a necessary protection against continued infringement. *Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 308 F. Supp. 489, 495 (S.D.N.Y. 1969). *Sweetarts v. Sunline*, Inc., 299 F. Supp. 572 (E.D.Mo.1969), aff'd in part and rev'd in part on other grounds, 436 F.2d 705 (8th Cir. 1971). A recall is an especially appropriate when an infringer "deliberately sailed in harm's way" by continuing to use an infringing mark despite warnings that it could lose an infringement action. *Tecnimed SRL v. Kidz-Med, Inc*., 462 Fed. Appx. 31, 34 (2d Cir. N.Y. 2012).

Here, Defendants were informed by their associates in 2008 that CFE Racing's marks were likely to cause confusion with CFE Racing's mark. In 2011, Defendants were again warned by the PTO that its use of the "BMF" mark is likely to cause confusion with CFE Racing's mark. Despite the clear notice, Defendants accelerated its BMF marketing campaign in 2008 and persisted in using the mark after being warned by the PTO. Even after the jury verdict, Defendants continue to ship products bearing the Infringing Marks to distributors. Thus, any harm to Defendants caused by a recall is the result of Defendants' use of the mark despite repeated warnings. Therefore, a provision requiring Defendants to recall all products and packaging bearing the Infringing Mark is appropriate.

### 3. *Cessation of Use of Domain Names Containing the Infringing Marks.*

Defendants operate various websites with domain names utilizing the infringing BMF mark. These include, but are not limited to[2], websites with the following domain names: www.bmfwheels.com, www.bmfoffroad.com, www.bmfracingwheels.com, www.facebook.com/BMFWheel, and www.twitter.com/BMFWheels.

A domain name "is an identifier somewhat analogous to a telephone number or street address" that is used to easily locate a website. *Brookfield Communications v. West Coast Entertainment,* 174 F.3d 1036, 1044 (9th Cir. 1999). Since Defendants' domain names utilize CFE Racing's Registered Marks, Defendants should be enjoined from using a domain name utilizing BMF or any other confusingly similar mark.[3]

### C. Defendants' Trademark Registration Should be Cancelled.

CFE Racing requests that this Court order the cancellation of Defendant Weld's U.S. Trademark Registration Number 3400041, issued on March 18, 2008 pursuant to 15 USC §1119.

The Lanham Act provides that in an action involving a registered mark the court may "order the cancelation of registrations." 15 U.S.C. §1119. In order to cancel a registration of a mark, a plaintiff must show (1) that it has standing to petition to cancel in that it is likely to be damaged by the registration; and (2) that there are valid grounds why registration should not continue to be registered. *Coach House Restaurant v. Coach & Six Restaurants*, 934 F.2d 1551, 1557 (11th Cir. 1991). A plaintiff's prior use of a confusingly similar mark is grounds for cancellation of the registrant's mark. *Id.* at 1559. The Defendants' registered Infringing Mark –

---

[2] A list of URLs owned by Defendant Brock Weld as of June 11, 2013 is attached as Exhibit 6.

[3] This relief is not precluded by the absence of a claim under the Cyber Piracy Act, since the remedies of the CPA are not exclusive, they are "in addition to any other civil action or remedy otherwise applicable. 15 USC §1125(d)(3).

utilizing the exact same BMF characters – is confusingly similar to CFE Racing's Registered Marks. [Dkt. #100, Verdict Form ¶1.] At trial, CFE Racing established that it used its mark prior to Defendants' use of the confusingly similar mark.

Therefore, this Court should enter an order cancelling the 3400041 registration for BMF WHEELS pursuant to 15 U.S.C. §§1119.

**D.    CFE Racing is Entitled to Recover Attorneys' Fees under the MCPA.**

The facts of this case clearly entitle CFE Racing to attorneys' fees under the Michigan Consumer Protection Act ("MCPA"). The MCPA provides that "a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees." MCL §445.911(2). There is no requirement that a plaintiff must prove willfulness before recovery of attorney fees is awarded. *Temborius v. Slatkin*, 157 Mich. App. 587, 603 (1986).

In this case, the Defendants stipulated on the record to infringement under the MCPA if the jury found the Defendants infringed CFE Racings unregistered logos. The jury found a likelihood of confusion of CFE Racing's unregistered logos. [Verdict Form, Dkt. # 100, ¶ 3.] The jury's determination clearly establishes that CFE Racing "suffers loss" as a result of Defendants' infringement.  Thus, CFE Racing is entitled to recovery of $250.00, together with reasonable attorneys' fees.

The fact that the jury did not find actual damages should not prevent CFE Racing from recovery of attorneys' fees. Michigan courts permit recovery of attorneys' fees for individual plaintiffs even where there are no economic damages. *Gilkey v. Cent. Clearing Co.*, 202 F.R.D. 515, 526 (E.D. Mich. 2001) (citing *Mayhall v. A.H. Pond Co., Inc.*, 129 Mich. App. 178, 183 (1983)). The plain language of the statute provides that recovery shall be either "actual damages

9

*or* $250.00 (emphasis added). One of the purposes of the MCPA is to "promote a means for consumers to protect their rights and obtain judgments where otherwise prohibited by monetary constraints." *Jordan v. Transnational Motors*, 212 Mich. App. 94, 97-98 (1995). Accordingly, the MCPA "must be liberally construed to effectuate [its] intended goals." *Id*. The same policy concerns apply to corporate plaintiffs seeking to enforce their trademark rights, thereby protecting consumers by preventing or otherwise remedying consumer confusion. This policy concern is especially acute where a plaintiff such as CFE Racing alleges a theory of confusion of sponsorship or endorsement, because it may be especially difficult for a plaintiff to establish damages. Thus, denial of attorney fees in this case will discourage other trademark holders from enforcing trademark rights, at the risk of Michigan consumers. Moreover, a denial of attorney fees would place CFE Racing in a worse position than before the infringement began.

Accordingly, CFE Racing requests the Court award attorneys' fees in an amount to be later determined a magistrate of the Court.

## IV. RELIEF REQUESTED

For the foregoing reasons, Plaintiff CFE Racing requests that the court enter judgment against Defendants as set forth in the Proposed Order [Ex. 1].

Dated: June 19, 2013

Respectfully submitted,

CARLSON, GASKEY & OLDS, P.C.

By: /s/ Brian B. Brown
John E. Carlson (P51379)
Steven Susser (P52940)
Brian B. Brown (P62733)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
Email: bbrown@cgolaw.com

10

**CERTIFICATE OF SERVICE**

I certify that on June 19, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

CARLSON, GASKEY & OLDS, P.C.

By: /s/ Brian B. Brown
John E. Carlson (P51379)
Steven Susser (P52940)
Brian B. Brown (P62733)
Carlson Gaskey & Olds, P.C.
400 W. Maple, Suite 350
Birmingham, Michigan 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
Email: bbrown@cgolaw.com