UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CFE RACING PRODUCTS, INC.,

        Plaintiff,                              Case Number 11-13744

v.                                                Honorable David M. Lawson

BMF WHEELS, INC. and BROCK
WELD,

        Defendants.
_____/

## ORDER GRANTING IN PART MOTION FOR CONTEMPT, ORDERING DEFENDANTS TO COMPLY WITH INJUNCTION, AND IMPOSING SANCTIONS

This matter is before the Court on the plaintiff's motion for contempt. The plaintiff contends that the defendants are in contempt of the Court's February 24, 2014 judgment enjoining the defendants from continued use of their infringing marks because the defendants (1) have continued to display on websites, in social media, in product catalogs, and in other marketing materials, after April 30, 2014, photographs of products displaying the logos that the jury found to be infringing; (2) have adopted and presently are using in commerce a new "stacked" logo, which features the letters "BMF" in large type positioned above the word "Wheels" in equally large type, of the same font and style; and (3) continue to feature photographs of (and possibly intend to continue producing) wheel products that display the letters "BMF" engraved or machined on the outer edge of the rim, with the word "Wheels" in a diametrically opposed position, rather than directly next to the letters "BMF." The Court has reviewed the submissions of the parties and heard oral argument on June 23, 2014. At the end of the hearing the Court announced from the bench its decision to grant in part the plaintiff's motion, hold the defendants in civil contempt, and impose sanctions.

In order to establish a civil contempt, the charging party must prove the existence of a court order and show that the respondent's conduct violated its terms. *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996) (stating that the plaintiffs "ha[ve] the burden of establishing by clear and convincing evidence that the [defendants] 'violated a definite and specific order of the court requiring [them] to perform or refrain from performing a particular act or acts with knowledge of the court's order.'") (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Since civil contempt is remedial in nature, the charging party need not establish willfulness; "intent in disobeying [an] order . . . is irrelevant to the validity of the contempt finding." *In re Jaques*, 761 F.2d 302, 306 (6th Cir. 1985) (citation omitted).

There is no dispute regarding the existence of the Court's February 24, 2014 judgment imposing injunctive relief and the defendants' knowledge of its literal terms. The terms of that judgment required the defendants to "[w]ithdraw all advertising in all media that bears the logos set out herein on or before April 30, 2014." Judgment [dkt. #126, Pg ID 2912]. The defendants admit that they have continued to publish marketing materials in various online and print media after April 30, 2014, which prominently feature photographs of their products bearing the infringing logos. The terms of the judgment were definite and clear, and the Court finds that the defendants' continued use of photographs depicting products bearing the infringing logos in its advertising after April 30, 2014 violated those terms. The Court therefore finds the defendants in civil contempt of its February 24, 2014 judgment. Accordingly, the Court will order the defendants forthwith to withdraw all advertising in all media bearing or depicting in any way the logos set out in the Court's February 24, 2014 judgment, and will fine the defendants $500 per day for each day after June 23, 2014 until

the defendants fully have complied with the terms of the injunction and this order. The Court also will require the defendants to pay attorney's fees.

The Court has considered the exhibits submitted by the parties depicting various past, present, and proposed future usages of the defendants' "BMF Wheels" mark, in several forms. The Court finds that the following usages depicted in the exhibits submitted by the parties comply with the terms of the Court's injunction: (1) Figure 1 of the plaintiff's reply brief [dkt. #156, Pg ID 3748]; (2) Figure 3 of the plaintiff's motion [dkt. #151, Pg ID 3675]; (3) Figure 4 of the plaintiff's motion [*ibid.*]; and (4) Figure 7 of the plaintiff's motion [dkt. #151, Pg ID 3676]. The Court finds that the following usages do not comply with the injunction: (1) Figure 5 of the plaintiff's motion [dkt. #151, Pg ID 3676]; and (2) Figure 6 of the plaintiff's motion [*ibid.*].

Accordingly, it is **ORDERED** that the plaintiff's motion for contempt [dkt. #151] is **GRANTED IN PART** for the reasons stated on the record.

It is further **ORDERED** that the defendants forthwith must withdraw all advertising in all media that bears or depicts in any way the logos set out in the Court's February 24, 2014 judgment [dkt. #126, Pg ID 2912].

It is further **ORDERED** that the defendants shall pay to the plaintiff a fine of $500 per day for each day after June 23, 2014 that infringing images are displayed until full compliance with the terms of the Court's February 24, 2014 judgment and this order is achieved.

It is further **DECLARED** that the following usages of the defendants' "BMF Wheels" mark depicted in the exhibits submitted by the parties comply with the terms of the Court's injuction: (1) Figure 1 of the plaintiff's reply brief [dkt. #156, Pg ID 3748]; (2) Figure 3 of the plaintiff's motion

[dkt. #151, Pg ID 3675]; (3) Figure 4 of the plaintiff's motion [*ibid.*]; and (4) Figure 7 of the plaintiff's motion [dkt. #151, Pg ID 3676].

It is further **DECLARED** that the following usages of the defendants' "BMF Wheels" mark depicted in the exhibits submitted by the parties do not comply with the injunction: (1) Figure 5 of the plaintiff's motion [dkt. #151, Pg ID 3676]; and (2) Figure 6 of the plaintiff's motion [*ibid.*].

It is further **ORDERED** that the plaintiff shall recover from the defendants attorney fees and costs incurred in connection with the plaintiff's motion for contempt in the amount of $2,500.

It is further **ORDERED** that the plaintiff's motion is **DENIED** in all other respects.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 24, 2014

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 24, 2014.

s/Shawntel Jackson  
SHAWNTEL JACKSON