UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CFE RACING PRODUCTS, INC.,

          Plaintiff,                                                   Case Number 11-13744

v.                                                                        Honorable David M. Lawson

BMF WHEELS, INC. and BROCK
WELD,

          Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION
TO QUASH WRITS OF GARNISHMENT**

On April 26, 2016, the Court entered an amended judgment against the defendants, which

included a monetary award of $378,321.48 in favor of the plaintiff.  On May 16, 2016, the plaintiffs

procured non-periodic writs of garnishment from the Clerk directed to Wells Fargo Bank, N.A. and

Bank of America, N.A., where the defendants, located in California, have accounts.  The defendants

have moved to quash the writs, arguing that the writs of garnishment are improper because the

personal property held in their bank accounts is not subject to garnishment under Michigan law, the

judgment was not registered in California, where the defendants' property is located, and the attempt

at execution on the judgment was made before the time for appeal has run under Federal Rule of

Appellate Procedure 4.  The defendants have lodged other objections to the garnishments as well.

The Court agrees that the bank accounts are not subject to garnishment under Michigan law, and

therefore will grant the motion and quash the writs.

Federal Rule of Civil Procedure 69 is the starting point for determining the procedure that

a plaintiff must follow to pursue satisfaction on a federal court judgment.  "The usual process for

enforcement is by a writ of execution, unless the court, in accordance with state law or a federal

statute, directs otherwise." 12 Wright & Miller, Fed. Prac. & Proc. § 3011 (2d ed.). "The procedure on execution — and in proceedings supplementary to and in aid of judgment or execution — must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a); *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 414 (6th Cir. 1999). "In the absence of a controlling federal statute, the district court has the same authority to aid judgment creditors as that provided by local law to courts of the state in which the district court sits." *Rogers v. Webster*, No. 84-1096, 779 F.2d 52, 1985 WL 13788, at *1 (6th Cir. 1985).

"In Michigan, '[g]arnishment actions are authorized by statute.'" *Ladd  v. Motor City Plastics Co.*, 303 Mich. App. 83, 97, 842 N.W.2d 388, 396 (2013) (quoting *Nationsbanc Mortgage Corp. of Georgia v. Luptak*, 243 Mich. App. 560, 564, 625 N.W.2d 385, 387 (2000)); Mich. Comp. Laws § 600.4011(1). "'The court may exercise its garnishment power only in accordance with the Michigan Court Rules.'" *Ibid.* (quoting *Nationsbanc*, 243 Mich. App. at 564, 625 N.W.2d at 387); Mich. Comp. Laws § 600.4011(2). Michigan Court Rule 3.101 "governs postjudgment garnishment proceedings, and subrule 3.101(G)(1) delineates the various categories of items for which a garnishee is liable." *Nationsbanc*, 243 Mich. App. at 564, 625 N.W.2d at 387.

Under Michigan law, a court may authorized the issuance of a writ of garnishment directed to a person or entity that holds property belonging to a judgment debtor. Mich. Ct. R. 3.101(B)(2). Once served the garnishee becomes liable to the judgment creditor for:

> (a)    all tangible or intangible property belonging to the defendant in the garnishee's possession or control when the writ is served on the garnishee, unless the property is represented by a negotiable document of title held by a bona fide purchaser for value other than the defendant; [and]
>
> . . .

(d)     all debts, whether or not due, owing by the garnishee to the defendant when the writ is served on the garnishee, except for debts evidenced by negotiable instruments or representing the earnings of the defendant.

Mich. Ct. R. 3.101(G)(1).

The parties do not appear to dispute that the defendants Brock Weld and his company, BMF Wheels, Inc., are residents of and domiciled in the State of California, not the State of Michigan. The defendants argue that, in order to reach assets held in the defendants' bank accounts, the plaintiff may not execute upon its judgment via writs of garnishment served in Michigan against national banks, but instead must register its judgment in California and then proceed according to that state's law to secure its execution. The plaintiff contends that the defendants' domicile is immaterial, because it seeks to execute via its writs only upon "obligations owed" to the defendants by the garnishee banks, and not upon "personal property" held by those institutions belonging to the defendants. The case law on this point is not unassailably clear, but the weight of published and controlling authority favors the defendants.

"The longstanding rule in Michigan is that 'the situs of intangible assets is the domicile of the owner unless fixed by some positive law.'" *Macatawa Bank v. Wipperfurth*, 294 Mich. App. 617, 620, 822 N.W.2d 237, 238 (2011) (quoting *In re Rapoport's Estate*, 317 Mich. 291, 301, 26 N.W.2d 777, 781 (1947)). In *Macatawa Bank*, the defendants, who were "domiciled in Florida [argued] that their [Individual Retirement Account (IRA) funds] may not be garnished in Michigan because the IRA accounts constitute intangible personal property the situs of which, under Michigan law, is the state in which the owner is domiciled." *Macatawa Bank*, 294 Mich. App. at 619, 822 N.W.2d at 238 (citing Mich. Comp. Laws § 600.4011(1)(a)). The court observed "that an IRA is intangible personal property, *similar to a bank account*." *Id.* at 619-20, 822 N.W.2d at 238

(emphasis added) (citing *In re Rapoport's Estate*, 317 Mich. at 293, 301, 26 N.W.2d 778, 781 ("It should be noted that all of the assets involved in the case at bar [constituting the bank account, stock certificates and bonds deposited in a Detroit bank for safe-keeping] are within the intangible personal property class.")). The *Macatawa* court concluded that the judgment debtors' IRA accounts were "not located 'within the boundaries' of Michigan," and, because the "plaintiff cite[d] no 'positive law' holding that the situs of an IRA is fixed other than by this general rule and the situs of defendants' IRAs is unquestionably Florida, the IRAs do not fall within the scope of personal property that may be garnished by a Michigan court." *Id.* at 617, 620, 822 N.W.2d at 238.

The plaintiff contends that *Macatawa* is distinguishable because an IRA account is a trust, and ordinary bank accounts do not give rise to a trust relationship. But the *Macatawa* court did not recognize any such distinction in its reasoning. Instead, it plainly regarded IRA accounts and ordinary bank accounts as constituting the same species of intangible personal property, and it relied upon the controlling decision in *Rapoport* for that proposition. The *Macatawa* court, and the *Rapoport* court before it, both described "bank accounts" as intangible "personal property" of the debtor, for the purposes of Michigan's garnishment procedure. And in both cases it was held that such property has the situs of the state in which the account holder is domiciled, regardless of whether the garnishee would be subject to the jurisdiction of the judgment forum.

In a recent unpublished decision in *Fifth Third Bank v. Triangle Associates, Inc.*, No. 321737, 2015 WL 6599749 (Mich. Ct. App. Oct. 29, 2015), the Michigan Court of Appeals observed in passing, in a footnote, that funds deposited in a bank account generally are regarded as property of the bank, subject to an obligation to pay on demand, not as property of the depositor. *Fifth Third Bank*, No. 321737, 2015 WL 6599749, at *19 n.15. However, the question presented in that appeal

-4-

was not where or how a writ of garnishment properly could be served on the bank, but, instead, whether the bank was obligated, where it failed to make any proper disclosure in response to the writ, to satisfy a resulting default judgment in the garnishment proceedings from corporate assets of the bank itself, or whether it was obligated only to deliver assets of the judgment debtor that it then possessed.  The court of appeals held that the bank was not liable to satisfy any garnishment demand from its own assets, concluding that "a default in a garnishment action operates as an admission by the garnishee [only] of *liability to the defendant*, [and] a default in garnishment proceedings [therefore] does not operate as an admission of damages for which the garnishee is liable, irrespective of any property or assets held on behalf of the defendant." *Id.* at \*16.

The Michigan Supreme Court observed in *Riverview Co-op., Inc. v. First Nat. Bank & Trust Co. of Michigan*, 417 Mich. 307, 337 N.W.2d 225 (1983), that the act of depositing funds in a bank account creates a debtor-creditor relationship, and that the funds deposited become the property of the bank, subject to an obligation to pay them out upon the depositor's demand.  However, the court in that case did not consider any question relating to liability on writs of garnishment or procedure for obtaining and enforcing the same, or upon the classification or situs of personal property of a judgment debtor.  Instead, it was faced only with the question whether the doctrine of "election of remedies" barred a depositor from proceeding in separate actions against the presenters of fraudulent checks on a theory of conversion, and against the bank that paid out funds on forged checks on the premise that it breached a contract to pay only properly endorsed demands for payment.

The weight of authority favors the rule that the depositor's entitlement to funds deposited with a bank remains an asset of the depositor in the possession of the bank — subject to garnishment, to be sure — located in "the state in which the owner is domiciled." *Macatawa Bank*,

294 Mich. App. at 619, 822 N.W.2d at 238.  That means that the defendants' accounts with Wells Fargo Bank and Bank of America are located in California.  A federal court sitting in Michigan does not have the authority to issue writs of garnishment that can reach assets in California.  The proper procedure is for the plaintiff to register its judgment in a California federal court under 28 U.S.C. § 1963 and pursue its collection remedies there.

Because the Court finds this issue dispositive, it need not address the defendants' other challenges to the writs of garnishment.

Accordingly, it is **ORDERED** that the defendants' emergency motion to quash the writs of garnishment [dkt. # 264] is **GRANTED**.

It is further **ORDERED** that the writs of garnishment directed to Wells Fargo Bank, N.A. and Bank of America, N.A. [dkt. #266, 267, 268, 270] are **QUASHED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   June 3, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 3, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI
